Debtor **RHONDA LYNN FRIERSON**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number:

Official Form 113
Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☑ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$90.00 Weekly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**23,400.00**.

## Part 3: Treatment of Secured Claims

Debtor **RHONDA LYNN FRIERSON** Case number _____

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.2 Request for valuation of security and claim modification. *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly play payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **United Consumer Financial Services** | **VACUUM CLEANER UNDER 365** | **$1,318.00** | **3.50%** | **$25.00; CLASS 4** <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | **$1,433.18** |

*Insert additional claims as needed.*

3.4 Lien avoidance

Check one.
**The remainder of this paragraph will be effective only if the applicable box on Part 1 of this plan is checked.**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| **Information regarding judicial lien or security interest** | **Calculation of lien avoidance** | | **Treatment of remaining secured claim** |
|---|---|---|---|
| **Name of Creditor** <br> **Marinr Finc** | a. Amount of lien <br> b. Amount of all other liens | **$2,934.00** <br> **$0.00** | **Amount of secured claim after avoidance** (line a minus line f) |
| | c. Value of claimed exemptions | **$0.00** | |
| **Collateral** <br> **VOID LIEN** <br> **HHG** | d. Total of adding lines a, b, and c | **$2,934.00** | **Interest rate** (if applicable) <br> % <br> _____ |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | **-$0.00** | |
| | | | **Monthly plan payment** |
| **Opened  9/15/15  Last Active 12/04/15** | f. Subtract line e from line d. | **$2,934.00** | |

APPENDIX D                                                        Chapter 13 Plan                                                        Page 2

| Debtor | **RHONDA LYNN FRIERSON** | Case number | |
|---|---|---|---|

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| | Extent of exemption impairment *(Check applicable box)* | | |
| | ☑ **Line f is equal to or greater than line a.** | | Estimated total payments on secured claim |
| | The entire lien is avoided *(Do not complete the next column)* | | |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | |
| **Name of Creditor** **PERSONAL FINANCE** **Collateral** VOID LIEN HHG | a. Amount of lien | $1,100.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $0.00 | |
| | d. Total of adding lines a, b, and c | $1,100.00 | **Interest rate** (if applicable) % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | -$0.00 | |
| | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | $1,100.00 | |
| | Extent of exemption impairment *(Check applicable box)* | | |
| | ☑ **Line f is equal to or greater than line a.** | | Estimated total payments on secured claim |
| | The entire lien is avoided *(Do not complete the next column)* | | |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | |
| **Name of Creditor** **Pioneer Crdt** **Collateral** VOID LIEN HHG | a. Amount of lien | $576.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $0.00 | |
| | d. Total of adding lines a, b, and c | $576.00 | **Interest rate** (if applicable) % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Opened  6/05/15  Last Active 12/07/15** | e. Value of debtor's interest in property | -$0.00 | |
| | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | $576.00 | |
| | Extent of exemption impairment *(Check applicable box)* | | |
| | ☑ **Line f is equal to or greater than line a.** | | Estimated total payments on secured claim |
| | The entire lien is avoided *(Do not complete the next column)* | | |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | |

Insert additional claims as needed.

**3.5 Surrender of collateral.**

APPENDIX D                                                Chapter 13 Plan                                                Page 3

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy
     Case 1:16-bk-02757    Doc 2    Filed 04/19/16    Entered 04/19/16 08:35:51    Desc Main
                                    Document      Page 3 of 6

Debtor  **RHONDA LYNN FRIERSON**          Case number

Check one
- [x] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$1,170.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
- [x] **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
- [x] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
- [ ] The sum of $
- [x] **MINIMUM OF 20.00** % of the total amount of these claims.
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
- [x] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
- [x] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**
- [x] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| **MAURY COUNTY CIRCUIT COURT** | CRIMINAL FINES TIED TO STATE PROBATION REQUIREMENTS | $5,000.00; CLASS 5 | 0.00% | $5,000.00 |
| **STATE OF TENNESSEE DEPARTMENT OF SAFETY** | LICENSE REINSTATEMENT FEE | $2,300.00; CLASS 5 | 0.00% | $2,300.00 |

*Insert additional claims as needed.*

| Debtor | **RHONDA LYNN FRIERSON** | Case number | |
|---|---|---|---|

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
   CLASS 1- FILING FEE
   CLASS 2- NOTICE FEE
   CLASS 3- ATTORNEY FEES
   CLASS 4- UNITED CONSUMER FINANCIAL SECURED CLAIM
   CLASS 5- SPECIALLY CLASSIFIED UNSECURED CLAIMS
   CLASS 6- GENERAL UNSECURED CLAIMS
   CLASS 7- 1305 CLAIMS

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☐ entry of discharge.
☑ other: **UPON DISCHARGE, DISMISSAL OR CONVERSION**

### Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Amendment to Part 2:**

**Debtor will make regular payments to the trustee as follows:** $90.00 per WEEK for 60 months, in the following manner:
   Debtor will make payments pursuant to a payroll deduction order issued to the Debtor's employer:
   IMASEN BUCYRUS TECHNOLOGY, INC.
   ATTN. PAYROLL
   260 CROSSROADS BLVD.
   BUCYRUS, OH  44820

**Amendment to Part 4:**
   Attorney's fees
   The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**, to be paid as follows: PAID IN FULL, CLASS 3 PRORATA ALL FUNDS
   The attorney was paid **$0.00** prior to the filing of this case.

**Amendment to Part 7.1:**
Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

### Part 10: Signatures:

X  **/s/ James A. Flexer**          Date **April 18, 2016**
   James A. Flexer 9447
**Signature of Attorney for Debtor(s)**

X  **/s/ RHONDA LYNN FRIERSON**     Date **April 18, 2016**
   **RHONDA LYNN FRIERSON**

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

| | | |
|---|---|---:|
| Debtor | **RHONDA LYNN FRIERSON** | Case number |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | **$0.00** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | **$1,433.18** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | **$4,690.00** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | **$9,666.82** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | **$7,300.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)    + | **$0.00** |
| | **Total of lines a through j**................................................................................................................. | **$23,090.00** |